IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:10-cv-00084-TJW |
| vs. | ) ) | |
| PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC., *et al* | ) ) ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) FILED BY
DEFENDANTS VIVID ENTERTAINMENT GROUP AND PHE, INC.**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND ................................................................................................2

III.  INMOTION MUST ASSERT SUFFICIENT FACTS TO STATE A CLAIM
      THAT IS PLAUSIBLE ON ITS FACE....................................................................3

IV.   INMOTION'S DIRECT INFRINGEMENT CLAIM SHOULD BE
      DISMISSED .....................................................................................................5

V.    INMOTION'S INDIRECT INFRINGEMENT CLAIMS SHOULD BE
      DISMISSED .....................................................................................................8

VI.   INMOTION'S WILLFUL INFRINGEMENT CLAIM SHOULD BE
      DISMISSED ...................................................................................................10

VII.  CONCLUSION................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.,*
    501 F.3d 1307 (Fed. Cir. 2007)...................................................................9

*Aro Mfg. Co. v. Convertible Top Replacement Co.,*
    377 U.S. 476 (1964)..................................................................................9

*Ashcrofi v. Iqbal,*
    129 S. Ct. 1937 (2009)..........................................................1, 4, 5, 6, 8, 11

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..........................................................1, 3, 4, 5, 6, 8

*BMC Res., Inc. v. Paymentech, L.P.,*
    498 F.3d 1373 (Fed. Cir. 2007)..............................................................8, 9

*Classen Immunotherapies, Inc. v. Biogen IDEC,*
    381 F. Supp. 2d 452 (D. Md. 2005)........................................................7

*Doe v. MySpace, Inc.,*
    528 F. 3d 413 (5th Cir. 2008) ...................................................................3

*Dynacore Holdings Corp. v. US. Philips Corp.,*
    363 F.3d 1263 (Fed. Cir. 2004)...............................................................9

*Eidos Communications, LLC v. Skype Technologies SA,*
    686 F. Supp. 2d 465 (D. Del. 2010)........................................................5

*Elan Microelectronics Corp. v. Apple, Inc.,*
    2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009) .........................6, 8

*Eolas Technologies, Inc. v. Adobe Systems, Inc.,*
    2010 U.S. Dist. LEXIS 58291 (E.D. Tex. May 6, 2010) ..............................10

*Fifth Market v. CME Group, Inc.,*
    No. Civ. A. 08-520 GMS (D. Del. May 14, 2009) .........................................6

*FotoMedia Tech., LLC v. AOL,*
    No. 2:07-cv-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008)..................8

*Hewlett-Packard Co. v. Intergraph Corp.,*
    No. C03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ....................4

*In re Papst Licensing GMBH & Co. KG Litigation,*
  602 F. Supp. 2d 17 (D. D.C. 2009) .................................................................6

*In re Papst Licensing GmbH Patent Litig.,*
  No. MDL 1298, 2001 WL 179926 (E.D. La. Feb. 22, 2001) ..........................4

*In re Seagate Technology, LLC,*
  497 F.3d 1360 (Fed. Cir. 2007)......................................................................10

*Joao Control & Monitoring Systems of Texas LLC v. Playboy Enterprises Inc.,*
  Case No. 6:09-cv-00499, Docket No. 56 (E.D. Tex. March 29, 2010) ...........9

*Judin v. US.,*
  110 F.3d 780 (Fed. Cir. 1997)..........................................................................7

*Landmark Technology LLC v. Aeropostale,*
  6:09cv262, Docket No. 122 (E.D. Tex) .......................................................5, 7

*McZeal v. Sprint Nextel Corp.,*
  501 F.3d 1354 (Fed. Cir. 2007)......................................................................3, 4

*Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.,*
  363 F.3d 1306 (Fed. Cir. 2004)........................................................................8

*Realtime Data, LLC v. Morgan Stanley,*
  2010 U.S. Dist. LEXIS 58049 (E.D. Tex. May 7, 2010),
  *aff'd*, 2010 U.S. Dist. LEXIS 58140 (E.D. Tex. June 10, 2010) ...................5, 7, 9, 11

*Shearing v. Optical Radiation Corp.,*
  1994 WL 38244 at *2 (D. Nev. 1994) ..............................................................8

*View Eng 'g Inc. v. Robotic Vision Sys., Inc.,*
  208 F.3d 981 (Fed. Cir. 2000)..........................................................................7

## Statutes and Rules

35 U.S.C. § 271(b) ...............................................................................................8
35 U.S.C. § 271(c) ...............................................................................................9
Fed. R. Civ. P. 8.................................................................................3, 4, 8, 10, 11
Fed. R. Civ. P. 11..............................................................................................6, 7
Fed. R. Civ. P. 12(b)(6)...............................................................................1, 3, 11
Fed. R. Civ. P. 84 .............................................................................................4, 8
Fed. R. Civ. P. Form 18 .......................................................................................4

**<u>Other Authorities</u>**

5 Wright & Miller, *Federal Practice and Procedure* § 1202 (3d ed. 2004) ......................3

## I.     INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Vivid Entertainment Group and PHE, Inc. ("PHE") move to dismiss InMotion Imagery Technologies, LLC's ("InMotion") complaint ("Complaint") for failure to state a claim.  Vivid Entertainment Group and/or its affiliates are referred to as "Vivid."

InMotion alleges that some unspecified "videos indexed with images that are displayed in windows wherein at least one window displays motion imagery" sold by Movants and the other eight defendants directly infringe its patent.  InMotion's direct infringement claim should be dismissed because this description is not specific enough to allow the defendants to identify the allegedly infringing products.

InMotion also alleges that the defendants are liable for contributory infringement and inducing infringement.  In addition to not properly identifying the accused products, InMotion does not assert any facts underlying its claims of indirect infringement.  Instead, it relies upon boilerplate generalities and legal conclusions.  This is precisely the approach held impermissible in the recent Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), which underscore that a complaint must allege sufficient facts to establish a plausible claim, and that recitations of bare, conclusory allegations are insufficient under the Federal Rules.

The Complaint's prayer for relief seeks a determination that Movants willfully infringed InMotion's patent.  InMotion, however, fails to allege any facts to support a claim of willful discrimination.  Under *Twombly* and *Iqbal*, InMotion's claim of willful discrimination should be dismissed.

Movants do not contend that InMotion is required to disclose each and every detail regarding its infringement contentions and do not suggest that the Complaint must contain the level of information required by Local Patent Rule 3-1. However, before this case proceeds, InMotion should be required at least to sufficiently identify which products from each Movant allegedly infringe its patent and to allege the facts supporting the elements of its indirect infringement and willful infringement claims. Without this information, Movants are unable to properly investigate InMotion's claims, identify relevant individuals and documents, or frame an appropriate response to the Complaint without a risk of prejudice. Moreover, if InMotion complied with its pre-filing obligations, it should already know the facts underlying its claims – the disclosure of which cannot wait until discovery.

## II.    BACKGROUND

InMotion filed its Complaint on March 10, 2010, against ten defendants, including Movants.  InMotion alleges, in entirely conclusory fashion, that all ten defendants infringe one or more claims of U.S. Patent No. 6,526,219, entitled "Picture-Based Video Indexing System" ("'219 patent"), which InMotion allegedly owns.

The infringement allegations against each defendant are the same.  Paragraph 26 is the paragraph alleging infringement by Vivid.  It asserts:

> 26.      Upon information and belief, Vivid has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.  Upon information and belief, Vivid has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

Paragraph 27 of the Complaint makes the same allegations against PHE (asserting them against "Adam and Eve", which is the name under which PHE does business).

2

Apart from its superficial declaration of infringement, InMotion does not identify the products that allegedly infringe its patents beyond "videos indexed with images that are displayed in windows wherein at least one window displays motion imagery." It does not identify which claims of the Patent any of the defendants infringed or whether any defendant had the requisite knowledge and intent for indirect or willful infringement. InMotion provides no facts supporting its allegations, relying instead on the same generic language for each defendant.

## III.   INMOTION MUST ASSERT SUFFICIENT FACTS TO STATE A CLAIM THAT IS PLAUSIBLE ON ITS FACE

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff fails to satisfy the pleading requirements of Rule 8(a)(2), which call for a "short and plain statement of the claim showing that the pleader is entitled to relief." While it does not require pleading with particularity, Rule 8(a)(2) does require that the accused infringer be given "fair notice of what the... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555-56.

In *Twombly*, the Supreme Court held that, to survive a motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that *is plausible on its face." Id.* at 570 (emphasis added). The Supreme Court stated:

> Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests . . . Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it."

*Id.* at *555* n.3 (citing *5* Wright & Miller, *Federal Practice and Procedure* § 1202, pp. 94 & *95* (3d ed. 2004)).

In *Iqbal*, the Supreme Court re-emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." 129 S. Ct. at 1950. To comply with Rule 8, a plaintiff must therefore plead "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A pleading that contains mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly,* 550 U.S. at 555).

Rule 84 provides that the "forms in the Appendix suffice under these rules …." Form 18 provides a sample complaint for direct patent infringement.  Form 18 requires a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent." *McZeal*, 501 F.3d at 1356-57.  Form 18 lists, as an example, "electric motors" as the accused device.

Courts have pointed out, however, that such a generic reference may not be enough where the factual circumstances are more complex. *See Hewlett-Packard Co. v. Intergraph Corp.,* U.S. Dist. LEXIS 26092, *1 (N.D. Cal. Sept. 6, 2003) ("Form [18] simply does not address a factual scenario of this sort. Not only is the example in Form [18] limited to a single 'type' of product *(i.e.,* electric motors) there is no indication as to the number of different electric motors the hypothetical defendant made, sold, or used."); *see also In re Papst Licensing GmbH Patent Litig.,* 2001 U.S. Dist. LEXIS 2255, *4 (E.D. La. Feb. 22, 2001) ("It is apparent, however, that the number of patents and products in the case before me are far greater than those contemplated in the [Form 18] sample complaint, which would justify a request for greater

4

specificity.").   As discussed below, in such cases courts require the party asserting infringement reasonably to identify the allegedly infringing products, in accordance with the standards set forth in *Twombly* and *Iqbal*.

As Movants now show, InMotion has failed to identify the allegedly infringing products with sufficient specificity.   It has failed to allege the elements of its indirect and willful infringement claims or any facts supporting these claims.   The Complaint should therefore be dismissed.

## IV.   INMOTION'S DIRECT INFRINGEMENT CLAIM SHOULD BE DISMISSED.

Movants offers audio-visual works for sale and license: (i) in DVD format either directly or through a third party wholesale distributor, (ii) via Internet streaming and (iii) to hotel and motel guests through hotel and motel systems.   Within each of these categories, Movants sells many different individual audio-visual works.

The description of the accused products as "videos indexed with images that are displayed in windows wherein at least one window displays motion imagery" is not sufficient to allow Movants to identify the accused products.   Courts have dismissed claims of direct infringement where the accused products are not reasonably identified and the complaints contain no concrete factual allegations.  *Realtime Data, LLC v. Morgan Stanley,* 2010 U.S. Dist. LEXIS 58140 (E.D. Tex. June 10, 2010)(accused products described as "data compression products and/or services), *aff'g* 2010 U.S. Dist. LEXIS 58049 (E.D. Tex. May 7, 2010); *Landmark Technology LLC v. Aeropostale*, 6:09cv262, Docket No. 122 (E.D. Tex.)(accused products described as "electronic commerce systems"); *Eidos Communications, LLC v. Skype Technologies SA*, 686 F. Supp. 2d 465 (D. Del. 2010)(accused products described as "communication system products and/or methodologies that infringe one or more claims" of

each of plaintiff's patents); *Fifth Market, Inc. v. CME Group, Inc.,* 2009 U.S. Dist. LEXIS 108776 (D. Del. May 14, 2009)(granting motion to dismiss where sole reference to the defendant's product was in the facts section of the complaint and not clear whether the product was included in the allegation that defendant was making, using, selling, and/or offering for sale products and methods covered by the claims of the asserted patents); *Elan Microelectronics Corp. v. Apple, Inc.* 2009 U.S. Dist. LEXIS 83715, *4-*8 (N.D. Cal. Sept. 14, 2009) (dismissing counterclaim that identified the accused products as "touch sensitive input devices or touch pads, including but not limited to the Smart-Pad" but not alleging sufficient facts under *Twombly* and *Iqbal*); *In re Papst Licensing GMBH & Co. KG Litigation*; 602 F. Supp. 2d 17 (D.D.C. 2009)(holding that allegation of "[u]pon information and belief, the [defendant] made, used sold or offered to sell … digital cameras which infringe the Patents in Suit" was insufficient, because it "failed to include any facts in support of [the] bald allegation" of infringement).

In addition, the description of Movants' accused products as "videos indexed with images that are displayed in windows wherein at least one window displays motion imagery" is modeled on the claims of the '219 patent.  The video indexing method of claim 1 includes the step of "displaying images from the subset in separate windows on a display device as a way of identifying the contents of the video program, *at least one of the windows displaying a segment including motion imagery*."  Emphasis supplied.  Thus, Movants cannot identify the accused products without first determining how InMotion is construing the '219 patent and whether any of their video products may meet this construction.  It is of course up to InMotion to set forth its claim construction, and Movants should not be put to this burden at the pleading stage.

Additionally, assuming it complied with Rule 11, InMotion must have already conducted an adequate pre-filing investigation to understand how each defendant is supposedly liable for

infringement. *See Judin v. United States,* 110 F.3d 780, 784 (Fed. Cir. 1997) (failure to conduct pre-filing investigation to compare products accused of infringement with claims of a patent is sanctionable). In the patent infringement context, Rule 11 requires that a plaintiff "at *a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device* and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000) (emphasis added). Consequently, "[i]f challenged, a patent holder bringing an infringement claim must be able to demonstrate to the court and the alleged infringer exactly why it believed before filing suit that it had a reasonable chance of proving infringement." *Classen Immunotherapies, Inc. v. Biogen IDEC,* 381 F. Supp. 2d 452, 457 (D. Md. 2005) (citing *View Eng'g,* 208 F.3d at 986).

For these and other reasons, the "Court has high expectations of a plaintiff's preparedness before it brings suit." *Realtime Data*, 2010 U.S. Dist. LEXIS 58049 at *9 (quoting *Landmark,* slip op. at 6). Accordingly, InMotion presumably has identified accused devices to which it compared its patent claims, and thus satisfied itself in good faith that its Complaint has a reasonable basis for alleging infringement. As a result, it should not be a great burden for InMotion to provide the requisite factual basis for its claims by identifying each Movant's allegedly infringing product, and its failure to do so can only be part of a tactical shell game.

Disclosure of the facts sufficient to state a plausible claim, including, at a minimum, the identification of the accused products, cannot wait until discovery. Lacking any identification by InMotion of the allegedly infringing products, Movants are understandably unsure specifically about their potential defenses against this action and cannot realistically respond to the generic

allegations in the Complaint.   Discovery is not an adequate substitute for a properly-pled complaint.   Consequently, InMotion's direct infringement claim should be dismissed.

## V.   INMOTION'S INDIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED.

In addition to alleging direct infringement, InMotion also accuses Movants of indirect infringement as follows:   "Upon information and belief, [Movants] also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States." Complaint ¶¶ 26-27.   This allegation falls far short of meeting the *Twombly/Iqbal* standard.

The Federal Rules do not contain a form for indirect patent infringement.   *Shearing v. Optical Radiation Corp.,* 1994 WL 38244 at *2 (D. Nev. 1994).   Therefore the Rule 8 pleading standard as clarified by *Twombly* and *Iqbal* directly apply to InMotion's claims of indirect infringement.   *Elan Microelectronics Corp.*, 2009 U.S. Dist. LEXIS 83715, at *7 ("In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teaching of *Twombly* and *Iqbal*" to inducing and contributory infringement claims.").[1]   InMotion's boilerplate and conclusory allegations fail to meet this threshold Rule 8 pleading standard.

To prove inducement of infringement under 35 U.S.C. § 271(b), a plaintiff must establish that some third-party person or entity committed the entire act of direct infringement. *See BMC Res., Inc. v. Paymentech, L.P.,* 498 F.3d 1373, 1379 (Fed. Cir. 2007); *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.,* 363 F.3d 1306, 1308 (Fed. Cir. 2004).   Additionally, a plaintiff must show

---

[1]      This Court's contrary holding in *Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008), was issued before and did not have the benefit of *Iqbal*. Movants respectfully submit that *Fotomedia* and like cases are inconsistent with *Iqbal* and the cases cited in the text.

that the defendant *knowingly induced* the infringement and possessed *specific intent* to encourage the infringement. *See ACCO Brands, Inc. v. ABA Locks Mfr. Co.,* 501 F.3d 1307, 1312 (Fed. Cir. 2007); *Dynacore Holdings Corp. v. US. Philips Corp.,* 363 F.3d 1263, 1273 (Fed. Cir. 2004).

To prove contributory infringement under 35 U.S.C. § 271(c), a plaintiff must demonstrate that the defendant offered to sell or sold a *"component* of a patented machine... constituting a material part of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent. . . ." 35 U.S.C. § 271(c) (emphasis added); *see Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 488 (1964) ("It is only sale of a component of a patented combination 'knowing the same to be especially made or adapted for use in an infringement of such patent' that is contributory infringement by statute."); As with inducing infringement, contributory infringement requires as a predicate that some other party committed the entire act of direct infringement. *See BMC Res.,* 498 F. 3d at 1381.

Here, InMotion fails to plead any facts demonstrating critical elements of its inducement and contributory infringement allegations. Specifically, there is no charge that Movants sold a non-staple "component" of a patented machine, that Movants had the requisite knowledge required for contributory infringement liability, or that Movants possessed specific intent to induce infringement. InMotion also fails to allege any facts showing direct infringement by a third party, which is a necessary element of both indirect infringement claims.

As a result, there is no set of facts alleged in the Complaint sufficient to state a plausible claim of indirect infringement. Thus, InMotion has failed to meet the threshold pleading requirements. Its claims for inducement and contributory infringement should be dismissed. *Realtime Data,* 2010 U.S. Dist. LEXIS 58049 at *13, *aff'd,* 2010 U.S. Dist LEXIS 58140 at *2; *Joao Control & Monitoring Systems of Texas, LLC v. Playboy Enterprises Inc.,* Case No. 6:09-

cv-00499, Docket No. 56 (E.D. Tex. March 29, 2010); *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 2010 U.S. Dist. LEXIS 58291 (E.D. Tex. May 6, 2010).

## VI.   INMOTION'S WILLFUL INFRINGEMENT CLAIM SHOULD BE DISMISSED

Paragraph C of the Complaint's Prayer for Relief seeks a determination that "one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, …." To the extent that the Complaint can be construed to assert a claim of willful infringement, the Court should dismiss this claim for failing to comply with Rule 8.

To establish willful infringement, a plaintiff must demonstrate infringement as well as the following additional elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk. *See In re Seagate Technology, LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

At a minimum at the pleading stage, InMotion must allege the facts that form its basis for its good faith belief that its claim of willful infringement has evidentiary support. See *id.* at 1374 ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." (citing Fed. R. Civ. P. 8(a), 11(b))). Here, InMotion does not even attempt to make the necessary factual allegations to show that Movants acted willfully. Rather, InMotion merely asserts that Defendants' conduct should be considered willful from the time that they knew of the '219 Patent, which at the latest was at the time of the filing of its Complaint. It does not allege the elements, let alone the facts, required by *Seagate Technology*.

10

InMotion has alleged willfulness by Movants without any factual basis.  Before InMotion is permitted discovery concerning the willfulness of Movants' alleged infringement of the '219 patent, it must allege facts showing that its claim is plausible. *Iqbal,* 129 S. Ct. at 1950 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Since InMotion has not even tried to meet this standard, its claim for willful infringement should be dismissed.  *Realtime Data*, 2010 U.S. Dist. LEXIS 58049 at *13.

## VII.   CONCLUSION

For the reasons set forth above, Movants respectfully request that the Court dismiss InMotion's Complaint pursuant to Rule 12(b)(6).

Dated: June 28, 2010

Respectfully submitted,


By:  /s/ Michael H. Selter
     Michael H. Selter, Esq.
     Lead Attorney

MANELLI DENISON & SELTER PLLC
2000 M Street NW, Suite 700
Washington, DC 20036
Tel: (202) 261-1026
Fax: (202) 887-0336

And



By:   /s/ James C. Tidwell
     James C Tidwell, Esq.
     Texas Bar No. 20020100

WOLFE, TIDWELL & McCOY, LLP
123 N. Crockett Street, Suite 100
Sherman, TX 75090
Tel: (903) 868-1933
Fax: (903) 892-2397

11

Attorneys for Defendants Vivid Entertainment Group and PHE, Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a)(3) via the Court's CM/ECF system on June 28, 2010, and, as such, was served on the counsel of record.


  /s/ James C. Tidwell                 
James C. Tidwell