**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENTHOUSE DIGITAL MEDIA )<br>PRODUCTIONS, INC.; BUENA VISTA )<br>HOME ENTERTAINMENT; INC., d/b/a/ )<br>WALT DISNEY STUDIOS HOME )<br>ENTERTAINMENT; NEW LINE HOME )<br>ENTERTAINMENT, INC.; WARNER )<br>BROS. HOME ENTERTAINMENT, INC.; )<br>ANCHOR BAY ENTERTAINMENT, LLC, )<br>MAGNOLIA PICTURES, LLC; THE )<br>WEINSTEIN COMPANY, LLC; VIVID )<br>ENTERTAINMENT GROUP; PHE, INC., )<br>d/b/a/ ADAM & EVE; BANG )<br>PRODUCTIONS, INC.; )<br>DNA MOVIES LLC )<br>)<br>Defendants. ) | CIVIL ACTION NO.:2:10-cv-00084 |

**PLAINTIFF INMOTION IMAGERY TECHNOLOGIES, LLC'S RESPONSE TO
DEFENDANTS VIVID ENTERTAINMENT GROUP AND
<u>PHE, INC.'S MOTION TO DISMISS</u>**

## I.   INTRODUCTION

Defendants Vivid Entertainment Group and PHE, Inc. move this Court to dismiss Plaintiff InMotion Imagery Technologies, LLC's Complaint for failure to state a claim. The Complaint, however, does state a claim, and does so with more detail than is required by the Federal Rules. Despite being presented with an adequate pleading, Defendants request more detailed allegations. They seek some exception to the pleading standard set forth by the Federal

Rules by examining cases from other courts with exceptional circumstances. Moreover, they ask that this court demand the specificity of Local Rule 3-1 when only Federal Rule of Civil Procedure 8 need be satisfied. These requests are improper based on the law as interpreted by this Court and this motion should be denied.

**II.    ARGUMENT**

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed.Cir.2009). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.2008).

Rule 8(a) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are unnecessary, the pleader need only state the grounds of entitlement to relief with "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The facts alleged in the Complaint are sufficient to meet this standard, making dismissal improper.

   A.  **The Facts Alleged In The Complaint Are Sufficient To Sustain A Claim.**

Under the *Twombly* pleading test, to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Litigants are not required to plead specific facts except in limited circumstances. *See id.* at 570. Rather, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not "set out in detail the facts upon which he bases his claim." *Twombly*, 550 U.S. at 556 n. 3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). But must only provide enough facts "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See id.* at 555-556.

Accordingly, the dismissal standard under Rule 12(b)(6) is a heavy one, and is not to be taken lightly. *See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000). The Court presumes the truth of allegations in the complaint, and liberally construes its terms in favor of the plaintiff. *Id.* (citing *Municipal Utils. Bd. v. Alabama Power Co.*, 934 F.2d 1493, 1500 (11th Cir. 1991)); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir.2004). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999).

Rule 12(b)(6) does not require inclusion of each element of the asserted patent's claims. *McZeal*, 501 F.3d at 1357 (citing *Phonometrics, Inc.*, 203 F.3d at 794). Such a requirement "would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." *Phonometrics, Inc.*, 203 F.3d at 794. A plaintiff need only plead facts sufficient to place the alleged infringer on notice. *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n. 10). This notice requirement ensures that an accused infringer has

sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself. *Id.*

Accordingly, a complaint for patent infringement must contain allegations identifying (a) the patents that have been infringed, (b) ownership, (c) the party that has infringed the patent, (d) how the infringement occurred, and (e) what theory of patent law the claim arises under. *Phonometrics, Inc.*, 203 F.3d at 794. Lack of other details is inappropriate grounds for Rule 12(b)(6) dismissal, those details are to be determined through discovery. *See McZeal*, 501 F.3d at 1357-1358. Defendants' arguments focus on the parties that have infringed and how the infringement occurred.

1. **Direct Infringement**

Defendants' argument that the Complaint's allegations of direct infringement are insufficient claims that the "description is not specific enough to allow the defendants to identify the allegedly infringing products." Def.'s Mot. to Dismiss 1, June 28, 2010, ECF No. 42. The specificity required is demonstrated by Form 18. Form 18 contains a broad description of the accused products: "electric motors"; it does not identify specific models or names of accused products. *Traffic Information, LLC v. Yahoo! Inc.*, 2010 WL 2545500, *2 (E.D.Tex.). The Complaint here goes further, not only giving a broad description, "videos," but also specifying those "indexed with images that are displayed in windows wherein at least one window displays motion imagery." Compl. ¶¶ 26-27, ECF No. 1. This level of detail is more than sufficient for the pleading stage. *See FotoMedia Techs., LLC v. AOL, LLC*, 2008 U.S. Dist. LEXIS 109403, at *6-7 (E.D.Tex. Aug. 29, 2008) (holding that general allegations similar to those used in the approved forms can also be used to support a claim for inducing infringement); *see also Traffic Information*, 2010 WL 2545500 at *2 (finding a complaint sufficient where the title of the patent

was stated and accused products were described as "traffic information systems and products and services.").

Defendants further argue that they cannot determine which of their products infringe the patent in suit without construing claims. Def.'s Mot. to Dismiss 6. That shows that they are on notice as to which claims they are alleged to have infringed. A Complaint does not require more detailed information than has been provided, only allegations that meet Rule 8's demands. Local Rule 3-1 requires that further details, such as the accused product names, be disclosed later. *WiAV Networks, LLC v. 3Com Corp.*, 2009 WL 6048922, at *3 n. 1 (E.D.Tex. Dec.15, 2009). That the Complaint does not contain such information is not grounds for dismissal. *See McZeal*, 501 F.3d at 1357-1358.

   2. **Indirect Infringement**

Defendants next request that this court ignore the case law it has established concerning proper pleading for indirect infringement. Def.'s Mot. to Dismiss 8 n. 1. Instead they would have this Court place a higher burden on allegations of indirect infringement than Form 18 places on direct infringement. The implicit argument is that *Twombly* somehow changed the standard for pleading indirect infringement. The Federal Circuit, however, has rejected the argument that *Twombly* changed the pleading requirements of Rule 8(a) in patent infringement cases. *McZeal*, 501 F.3d at 1357 n. 4. In *Clear with Computers*, this Court explained that Twombly and Iqbal did not upset the Federal Circuit's conclusions in McZeal. *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, slip op. at 5-6 (E.D.Tex. Mar. 29, 2010) (Doc. No. 77).

Though the Complaint does not contain detailed factual allegations regarding each element a finding of indirect infringement would require, it *is* sufficient to put Defendants on notice. It alleges how such infringement occurred and it describes the products alleged to be infringing. Compl. ¶¶ 26-27. As this Court has held, "neither [Form 18] nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *FotoMedia Techs.*, 2008 U.S. Dist. LEXIS 109403, at *8. Neither does *Twombly* require that a complaint contain "detailed factual allegations." *Twombly*, 550 U.S. at 555. That the Complaint does not contain details not required by law is immaterial to whether it sufficient to sustain an action.

The only possible contention here is that no direct infringer is specifically identified. This court has required that allegations of indirect infringement "a direct infringer and identify which methods or systems indirectly infringe the patent-in-suit." *Realtime Data, LLC v. Morgan Stanley*, 2010 U.S. Dist. LEXIS 58049, *2 (E.D. Tex. May 7, 2010), aff'd, 2010 U.S. Dist. LEXIS 58140 (E.D. Tex. June 10, 2010). Recent decisions have required that complaints alleging indirect infringement affirmatively "identify which claims are indirectly infringed," "identify which methods or systems indirectly infringe," and "identify a direct infringer in reference to [ ] indirect infringement claims." *Clear with Computers*, slip op. at 7. The Complaint identifies "videos" as infringing and provides reference to the patent alleged to be infringed. Compl. ¶¶ 26-27. It also indicates direct infringers, though not as directly. The direct infringers would be Defendants' intermediaries or the clients they interact with.

### B. In The Alternative, Plaintiff Seeks Leave to Amend Its Complaint.

"When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before

dismissing the action with prejudice." *Transocean Offshore Deepwater Drilling, Inc. v. Stena Drilling Ltd.*, 2009 WL 1758758 at *3 (S.D. Tex.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). If this Court finds that the Complaint is insufficient and grants Defendants' motion to dismiss either direct or indirect infringement, Plaintiff seeks leave to submit an amended Complaint.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' motion to dismiss the claims of direct and indirect infringement under Rule 12(b)(6) be denied.

Dated: July 15, 2010                                    Respectfully Submitted,

**INMOTION IMAGERY TECHNOLOGIES, LLC**

By: /s/ William E. Davis, III
William E. Davis III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Phone: 903-230-9090
Fax: 903-230-9661

**INMOTION IMAGERY TECHNOLOGIES, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 15th day of July, 2010.

/s/ William E. Davis, III
William E. Davis, III