**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC ) ) Plaintiff, ) ) v. ) ) PENTHOUSE DIGITAL MEDIA ) PRODUCTIONS, INC.; BUENA VISTA ) HOME ENTERTAINMENT; INC., d/b/a/ ) WALT DISNEY STUDIOS HOME ) ENTERTAINMENT; NEW LINE HOME ) ENTERTAINMENT, INC.; WARNER ) BROS. HOME ENTERTAINMENT, INC.; ) ANCHOR BAY ENTERTAINMENT, LLC, ) MAGNOLIA PICTURES, LLC; THE ) WEINSTEIN COMPANY, LLC; VIVID ) ENTERTAINMENT GROUP; PHE, INC., ) d/b/a/ ADAM & EVE; BANG ) PRODUCTIONS, INC.; ) DNA MOVIES LLC ) ) Defendants. ) | CIVIL ACTION NO. 2:10-cv-84-TJW-CE **JURY TRIAL REQUESTED** |

**PLAINTIFF INMOTION MEDIA TECHNOLOGY, LLC'S SURREPLY TO DEFENDANTS VIVID ENTERTAINMENT GROUP AND PHE, INC.'S MOTION TO DISMISS**

### I. INTRODUCTION

Defendants Vivid Entertainment Group and PHE, Inc. continue to misinterpret the pleading requirements of Fed.R.Civ.P. 8(a)(2) by trying to impose a burden upon Plaintiff Inmotion Media Technology, LLC ("InMotion") far beyond what the Supreme Court, Fifth Circuit Court of Appeals, and District Court of the Eastern District of Texas have required. Rather than providing a "short and plain statement of the claim," the Defendants incorrectly

allege that *Iqbal* and *Twombly* have created a heightened pleading standard beyond that required by Fed.R.Civ.P. 8 and the accompanying Form 18.

## II.     ANALYSIS

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Rule 8(a) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are unnecessary; the pleader need only state the grounds of entitlement to relief with "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Defendants argue that *Ashcroft v. Iqbal,* 556 U.S. __, 129 S.Ct. 1937 (2009), and *Twombly* have changed the pleading standards, and that citations to all cases prior to those should be disregarded. The Defendants are wrong. The Federal Rules cannot be changed by judicial interpretation. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *CBT Flint Partners v. Goodmail Sys. Inc.*, 529 F. Supp. 2d 1376, 1380 (N.D. Ga. 2007) ("The statements in Form 18 are sufficient for pleading direct, indirect, and willful infringement"). Thus, cases decided before *Iqbal* and *Twombly* are still illustrative because they rely on Form 18. This Form, unchanged since *Iqbal* and *Twombly,* still provides an example of sufficient pleading of a patent case under Fed.R.Civ.P. 8.

### A.   Direct Infringement

Defendants argue that the description "videos indexed with images that are displayed in windows wherein at least on window displays motion imagery" is not sufficient detail for them

to understand which of their products are accused of infringement. However, the purpose of the complaint is not to provide an exhaustive list of Defendants' products that infringe the patent. Rather, the complaint only needs to assert enough facts that it is evident that InMotion has stated a plausible claim that entitles it to relief. *See Iqbal*, 129 S.Ct. at 1949-1950. The detail provided by Plaintiff provides sufficient notice for the Defendants to understand which of their products are accused. If the Defendants lack clarity regarding which products are accused, the initial disclosures under Patent Rule 3-1 will provide the Defendants a "chart identifying specifically where each element of each asserted claim is found." P.R. 3-1(b). Until then, the statement that the defendant makes an embodying device provides sufficient notice as to what it will be required to defend. *See McZeal v Sprint Nextel Corp*. 501 F.3d 1354, 1357 (Fed. Cir. 2007).

### B. Indirect Infringement

Defendants argue that InMotion failed to allege additional facts that are required to prove claims for inducing infringement or contributory infringement. However, the additional facts that Defendants allege are missing are not required by Federal Rule 8, Form 18, or *Iqbal*. *Tune Hunter, Inc. v. Samsung Telecommunications America LLC et al.* No. 2:09-cv-148, slip op. at 6 (Doc. No. 130). As the Court stated in *Tune Hunter*, "it is the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement, or non-infringement as the case may be." *Id*., citing *PA Advisors, LLC v. Google, Inc., et al.,* 2008 WL 4136426 (E.D. Tex. 2008).

### C. Willfulness

The reasoning related to indirect infringement is equally applicable to the claims for willful infringement. The complaint adequately pleads that the Defendants actions were willful

from the time that they learned about the patent going forward. Further information regarding the Defendants willful infringement will be developed during the discovery phase of the litigation.

Dated: August 5, 2010                     Respectfully Submitted,

**INMOTION IMAGERY TECHNOLOGIES, LLC**

By: /s/ William E. Davis, III
William E. Davis III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Phone: 903-230-9090
Fax: 903-230-9661

**INMOTION IMAGERY TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 5th day of August, 2010.

/s/ William E. Davis, III
William E. Davis, III